**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
John P. Pringle

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Mark Bastorous and Bernadette Shenouda,<br><br>Debtors. | Case No. 6:17-bk-20092-MH<br><br>Chapter 7<br><br>Adv. No.: 6:20-ap |
| John P. Pringle, solely in his capacity as Chapter 7 Trustee of the Estate of Mark Bastorous and Bernadette Shenouda,<br><br>Plaintiff,<br><br>v.<br><br>Emad Khalifa Botors,<br><br>Defendant. | **COMPLAINT:**<br><br>**(1) TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§548(a)(1)(A) and 550, and CAL. CIV. CODE § 3439.04(a)(1);**<br><br>**(2) TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) and 550, and CAL. CIV. CODE §§ 3439.04(a)(2) and 3439.05(a);**<br><br>**(3) TO PRESERVE TRANSFERS FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. § 551**<br><br>**DATE:** To be set<br>**TIME:** To be set<br>**CTRM:** 303 |

1272832.1                                                                                                                        COMPLAINT

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**TO DEFENDANT AND THE DEFENDANT'S ATTORNEY OF RECORD, IF ANY:**

John P. Pringle, the duly appointed, qualified and acting chapter 7 trustee (the "Trustee" or "Plaintiff") of the substantively consolidated bankruptcy estates of Mark Bastorous ("Bastorous") and Bernadette Shenouda ("Shenouda"), AMI International Development, Inc., Citi Investments Groups, LLC, Eagle Plaza Hesperia, LLC, MB Capital Group LLC, MRM Investment Group, Inc., Professional Investments Capital Group, LLC, SoCal SNS LLC, 3 Alexa, LLC, 3 B International Development & Construction, Inc., 5200 Rivergrade, Inc., Adelanto SNS, Inc., American Eagle Professional Investments, LLC, Better Life Escrow, Inc., Beverly Hills Funding Group, LLC, Burgerim Florida, LLC, Escondido SNS, LLC, Indura Properties, Inc., John 20/20 Capital Group LLC, MB Funding Group, Inc., Professional Investment, Inc., Professionals Investment Group, LLC, South Gate PS, LLC, South Gate SNS, LLC, St. Mary High Desert, LLC, St. Mary High Desert, Inc., St. Mary Irwindale, LLC, St. Mary Medical Center, Inc., St. Mary Medical Center LLC, St. Mary Properties, Inc., St. Mary Shell, LLC, Trinidad Capital Group, LLC, Trinity Business Enterprise, LLC, Ultimate Horizon Investments, LLC, USA Investments Group, LLC, Wonder Maker, LLC, Moto USA, LLC, MB Investments Group, Inc., RE/Max Professionals Realty – Bernadette Bastorous ("Related Entities") (Bastorous, Shenouda, and the Related Entities are collectively referred to herein as the "Debtors"), hereby files this complaint: (1) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550, and California Civil Code §§3439.04(a)(1); (2) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550, and California Civil Code §§3439.04(a)(2) and 3439.05; (3) To Preserve Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 551 ("Complaint") against Emad Khalifa Botors (the "Defendant"), and alleges that:

## REQUIRED PLEADING DISCLOSURE

1.      In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Plaintiff hereby alleges that the claims for relief set forth in the Complaint constitute a core proceeding under 28 U.S.C. § 157(b), in that the claims for relief relate directly to property

which may be property of one or more Debtors and, therefore, property of the substantively consolidated bankruptcy estates. Regardless of whether the claims for relief are core or non-core, Plaintiff hereby consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be precluded by applicable law.

## STATEMENT OF JURISDICTION AND PROCEEDINGS

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that this is a proceeding arising in and/or related to the substantively consolidated bankruptcy estates of the Debtors currently pending in the Riverside Division of the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in this Central District of California as the acts and conduct complained of herein took place within this district. Accordingly, this Court also has personal jurisdiction over the Defendant.

3. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, because this is a core proceeding under 28 U.S.C. § 157(b)(1) and (2)(F) and (H).

4. On December 8, 2017 ("Petition Date"), Bastorous and Shenouda filed a voluntary petition under Chapter 7 of Title 11 of the United States Code commencing the related bankruptcy case ("Bankruptcy Case") designated case number 6:17-bk-20092-MH.

5. On May 1, 2020, the Court entered an *Order Granting Chapter 7 Trustee's Motion for Order Authorizing Substantive Consolidation of the Debtors' Estate with 37 Related Businesses of the Debtors* thereby substantively consolidating the assets, debts and obligations of the Related Entities into the Bankruptcy Case.

## PARTIES

6. Plaintiff is the chapter 7 trustee of the substantively consolidated bankruptcy estates, and brings this action for the benefit of the substantively consolidated bankruptcy estates and their creditors. To the extent that Plaintiff hereby asserts claims under 11

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in these cases one or more creditors holding unsecured claims allowable under 11 U.S.C. §502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

7. Plaintiff is informed and believes and based thereon alleges that Defendant is an individual residing in Riverside County. At all relevant times, Defendant was an individual for whose benefit the recoverable transfers alleged.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8. The Plaintiff was appointed after the Petition Date. As a result, the Plaintiff does not have personal knowledge of all of the facts alleged herein relating to events that occurred before the Petition Date and, therefore, alleges such facts on information and belief.

9. The Plaintiff is informed and believes and based thereon alleges this adversary proceeding arises from a Ponzi scheme perpetrated by the Debtors.

10. The Plaintiff is informed and believes and based thereon alleges that during the course of the scheme, Bastorous and Shenouda, on behalf of themselves and the Related Entities, induced friends, members of their church and acquaintances to invest in one or more of the Related Entities as part of a real estate "flipping" investment.

11. The Plaintiff is informed and believes and based thereon alleges that the Debtors represented that investments made by potential investors would relate to new or existing real estate projects with significant profits derived therefrom.

12. The Plaintiff is informed and believes and based thereon alleges that when the Debtors represented that investments made by potential investors would generate significant profits, the Debtors concealed material facts including, but not limited to the fact the Debtors intended to use investments to pay other investors a return of capital and a fictitious profit, and that other investments were already made with the Debtors that made

it impossible for the Debtors to repay the full amount of all investments received by the Debtors as well as any promised profit.

13. The Plaintiff is informed and believes and based thereon alleges that the Debtors promised potential investors that they would receive a significant return on their investment notwithstanding the fact that the Debtors did not have the assets available, independent of investor capital, to make such returns.

14. The Plaintiff is informed and believes and based thereon alleges that when the Debtors informed an investor that a return of capital along with the corresponding profit was available for distribution to the investor, the Debtors would coerce the investor to forgo a return of their investment and any profit associated therewith, and reinvest their investment and fictitious profit, in order to avoid distribution funds that were not available to the Debtors.

15. The Plaintiff is informed and believes and based thereon alleges that some, if not all, of the investments received by the Related Entities from investors were used to (1) make distributions to – or payments on behalf of – other investors of the Related Entities or (2) pay the personal expenses of Bastorous and Shenouda, and/or provide funds for their personal affairs.

16. The Plaintiff is informed and believes and based thereon alleges that the Related Entities made thousands of transfers between the Related Entities, including funds invested with one or more of the Related Entities, and that the assets and liabilities are so entangled that a transfer of money by one of the Related Entities constituted a transfer of money to all of the Related Entities.

17. The Plaintiff is informed and believes and based thereon alleges that the transfers between the Related Entities were intended to, among other things, pay a return of capital and fictitious profits to or for the benefit of existing investors from the new investments received by new investors of one or more of the Related Entities.

18. The Plaintiff is informed and believes and based thereon alleges that most, if not all, of the payments tendered by the Related Entities to investors were generated from

new investments, including investment received by Related Entities, designed to appease the demands from existing investors for a return of their capital and payment of fictitious profits, and to induce additional potential investors to invest in one or more of the Related Entities' projects.

19.  The Plaintiff is informed and believes and based thereon alleges that because of the siphoning and diversion of new investments to fund the payment of pre-existing investor capital and fictitious profits, the Related Entities did not have the funds to pay investors on account of their new investments.

20.  The Plaintiff is informed and believes and based thereon alleges that payments made to investors, including the Defendant, constitute an intentional misrepresentation of fact regarding the profitability of one or more of the Related Entities, and were an integral and essential part of the fraud.

21.  The Plaintiff is informed and believes and based thereon alleges that payments made to investors, including the Defendant, were necessary to validate the "profitability" of the projects in order to avoid the detection of fraud, to maintain investors and to lure other investors into the Ponzi scheme.

22.  The Plaintiff is informed and believes and based thereon alleges that the Debtors' attempt to conceal the ongoing fraud by tendering fictitious profits, including the payment to the Defendant, was a continuous and intentional attempt to hinder, delay or defraud investors and potential investors of the Related Entities and but for the Debtors' concealment, the Debtors' fraud would have been discovered before the Petition Date.

23.  The Plaintiff is informed and believes and based thereon alleges that certain of the investors of the Related Entities, through happenstance, have received more favorable treatment than other of the investors of the Related Entities.

24.  The Plaintiff is informed and believes and based thereon alleges that during the four-year period preceding the Petition Date, Professional Group LLC made transfers (collectively, the "Transfers") to or for the benefit of Defendant in the amount of $170,450.25.

## FIRST CLAIM FOR RELIEF

**(To Avoid and Recover Transfer Pursuant to
11 U.S.C. §§ 544(b), 548(a)(1)(A), 550, and
Cal. Civ. Code §§ 3439.04(a)(1))**

25. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. The Plaintiff is informed and believes and thereon alleges that the Transfers were made within four-year preceding the Petition Date.

27. The Plaintiff brings this claim under 11 U.S.C. §544(b) to avoid the Transfers on behalf of all unsecured creditors of the Debtors and their substantively consolidated bankruptcy estates.

28. The Plaintiff is informed and believes and thereon alleges that unsecured creditors of one or more Debtors existed at the time of the Transfers and that the Debtors' obligations to those unsecured creditors remained unpaid as of the Petition Date.

29. The Plaintiff is informed and believes and thereon alleges that the Transfers were made with the actual intent to hinder, delay or defraud individuals and entities to which the Debtors were or became indebted, on or after the date the Transfers were made.

30. The Plaintiff is informed and believes and thereon alleges that the Defendant did not take the Transfers in good faith and/or did not give the Debtors reasonably equivalent value in exchange for the Transfers.

31. By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to set aside the Transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A), and California Civil Code § 3439.04(a)(1), or the value of the Transfers, for the benefit of the Estate pursuant to 11 U.S.C. § 550.

/ / /

/ / /

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

**(To Avoid and Recover Transfer Pursuant
to 11 U.S.C. §§ 548(a)(1)(B) and 550, and
Cal. Civ. Code §§ 3439.04(a)(2) and 3439.05(a))**

32. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. The Plaintiff is informed and believes and thereon alleges that the Transfers were made within four-year preceding the Petition Date.

34. The Plaintiff brings this claim under 11 U.S.C. §544(b) to avoid the Transfers on behalf of all unsecured creditors of the Debtors and their substantively consolidated bankruptcy estates.

35. The Plaintiff is informed and believes and thereon alleges that unsecured creditors of one or more Debtors existed at the time of the Transfers and that the Debtors' obligations to those unsecured creditors remained unpaid as of the Petition Date.

36. The Plaintiff is informed and believes and thereon alleges that the Debtors received less than reasonably equivalent value in exchange for the Transfers.

37. The Plaintiff is informed and believes and thereon alleges that Debtors were insolvent at the time of the Transfers and/or were rendered insolvent by virtue of the Transfers.

38. The Plaintiff is informed and believes and thereon alleges that at the time of the Transfers, the Debtors were engaged or were about to engage in a business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction.

39. The Plaintiff is informed and believes and thereon alleges that at the time of the Transfers, the Debtors intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

40. By reason of the foregoing, the Transfers are avoidable, the Plaintiff is entitled to judgment setting aside the Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B),

and California Civil Code §§ 3439.04(a)(2) and 3439.05(a), or the value of the Transfers, for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### THIRD CLAIM FOR RELIEF

**(To Preserve Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 551)**

41. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 40, inclusive, as though fully set forth herein.

42. Pursuant to 11 U.S.C. §§ 548 and 550, and California Civil Code §§ 3439.04(a)(1), (a)(2) and 3439.05(a), the Transfers are avoidable.

43. Pursuant to 11 U.S.C. § 551, if the Transfers are avoided, they are automatically preserved for the benefit of the Estate.

44. By reason of the foregoing, the Plaintiff is entitled to judgment preserving the avoided Transfers for the benefit of the Estate.

**WHEREFORE**, Plaintiff prays that this Court enter a judgment against Defendant as follows:

### On the First Claim for Relief

1. Avoiding the Transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A), 550, and Cal. Civ. Code §§ 3439.04(a)(1), or any other applicable statutes,

2. Declaring the Transfers to be annulled and rendered void as fraudulent transfers, and for recovery of the Transfers, or the value thereof, for the benefit of the Estate;

### On the Second Claim for Relief

3. Avoiding the Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550, and Cal. Civ. Code §§ 3439.04(a)(2) and 3439.05(a), or any other applicable statutes,

4. Declaring the Transfers to be annulled and rendered void as fraudulent transfers, and for recovery of the Transfers, or the value thereof, for the benefit of the Estate;

**On the Third Claim for Relief**

5. For preservation of the Transfers for the benefit of the Estate;

**On All Claims for Relief**

6. For pre-judgment and post-judgment interest at the maximum legal rate;

7. For Plaintiff's attorneys' fees and costs; and

8. For such other and further relief as the Court deems just and proper.

Dated: July 13 2020    WEILAND GOLDEN GOODRICH LLP

By: /s/ David M. Goodrich
DAVID M. GOODRICH
Attorneys for John P. Pringle,
Chapter 7 Trustee

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1272832.1    10    COMPLAINT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>JOHN P. PRINGLE, Chapter 7 Trustee | **DEFENDANTS**<br>EMAD KHALIFA BOTORS, an individual, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>David M. Goodrich (CA State Bar No. 208675)<br>  dgoodrich@wgllp.com.com<br>**Weiland Golden Goodrich LLP**<br>650 Town Center Drive, Suite 600<br>Costa Mesa, CA  92626<br>Telephone: 714.966-1000; Facsimile: 714.966-1002 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**COMPLAINT:(1) TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§548(a)(1)(A) and 550, AND CAL. CIV. CODE § 3439.04(a)(1); (2) TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550, AND CAL. CIV. CODE §§ 3439.04(a)(2) and 3439.05(a); (3) TO PRESERVE TRANSFERS FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. § 551**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5) , domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☒ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☒ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☒ Check if this case involves a substantive issue of state law      ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint      ☐ Demand

Other Relief Sought
Avoidance of transfer; recovery of transferred assets; injunctive relief; costs of suit including, without limitation, attorneys' fees

American LegalNet, Inc.
www.FormsWorkFlow.com
ALS\ 2580130.1

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Mark Bastorous and Bernadette Shenouda || BANKRUPTCY CASE NO.<br>6:17-bk-20093-MH |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California || DIVISION OFFICE<br>Riverside || NAME OF JUDGE<br>Hon. Hark Houle |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF | DEFENDANT ||| ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ David M. Goodrich* |||||
| DATE<br>July 13, 2020 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David M. Goodrich |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

ALS\ 2580130.1

